Ci,813-13,14,15

Mrs. Mary F. Rugg, Retired
3220 Voss Drive
El Paso, TX 79936-1915
APRIL 21, 2015

FED EX No. 8077 8892 5024

(IN CHAMBERS)
The Honorable Micheal Keasler
Judge Place 6
Texas Court of Criminal Appeals
201 West 14th St
Austin, TX 78711-2308

Re: Ex parte ALAN WADE JOHNSON (TARRANT COUNTY)
    Case Nos.  C-213-010418-0100-776-D
                C-213-010419-0105-292-D
                C-213-010420-0105-293-C

Dear Judge Keasler:

In dire need of your attention, Your Honor. I am life long, retired 90-year old Texan, writing a desperate plea to bring to your personal attention a deeply troubling "miscarriage of injustice," that strikes to the heart of the Texas Constitution, if not addressed by your Court (case of first impression). The above listed 11.07 Habeas has been sent to your court with Tarrant County 213th District Court's (Judge Louis Sturns) recommendation it be denied, without addressing the merits of application. This recommendation compromises the Texas justice system and asphyxiates the rights of those who cannot afford legal counsel. You see Mr. Johnson's claim(s), he has fully served and discharged those sentences under 1975 law (Texas Civil Statute Ann. Article 6184L (Vernon 1970) (Replealed 1977)) However, the State and the Court, have falsely stated he is on parole for these offenses and on that premise denied the application, when in FACT he had fully served & discharged those final judgments. Denying him "DUE PROCESS...!"

Respectfully, I ask that your Court review the merits of these important constitutional grounds and prevent a serious risk of injury or death to the Applicant. I am aware your Court handles thousands of cases, but you'll discover, not one case in years, would have more of an impact to Texas Constitutional jurisprudence, than this one...!

It is apparent the recommendation is unethical to say the least, as serious judicial violation(s) have occurred:

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 27 2015

Abel Acosta, Clerk

(1)  Unconscionable act by the Judge Sturns - placing the Applicant at a serious high risk of injury or death, by refusing to address(rule) his Motion To Name Him by Pseudonym - "akin to having him murdered in prison;"

(3) Tarrant County District Attorney presented "false evidence," and misrepresented to the Court, automatically the Court deemed true, without "any" evidence, and failed to follow the mandate of your Court in reviewing alleged procedural bar(s).

None of these areas do I have expertise, but I have over 90-years of knowing the difference between "wrong and right," and the common sense to recognize when a wrong(s) has been committed.  I respectfully request this Application for Writ of Habeas Corpus be reviewed by your office and the merits of the Claims sought for relief be addressed on their respective merits and "not" allow the defendant to be placed in danger by failing to grant his Motion To Name Him By Pseudonym.   Please acknowledge this desperate plea in behalf of Mr. Johnson. Let me thank you in advance for your kind consideration and time in this matter.

Sincerely,

MARY F. RUGG

cc: File